

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 15, 1958

Honorable J. M. Falkner
Commissioner
Department of Banking
Austin 14, Texas

Opinion No. WW-500

Re: Whether or not the Finance
Commission of Texas may,
under the provisions of
Article 342-112, Vernon's
Civil Statutes, authorize
the expenditure of moneys
for costs and other expenses
incurred by the State Bank-
ing Board in the trial of a
case brought under the pro-
visions of Article 342-115,
Vernon's Civil Statutes.

Dear Mr. Falkner:

You have requested the opinion of this office as to whether the Finance Commission of Texas may, under the provisions of Article 342-112, Vernon's Civil Statutes, authorize the expenditure of moneys for costs and other expenses incurred by the State Banking Board in the trial of a case brought under the provisions of Article 342-115, Vernon's Civil Statutes, based on the following factual situation.

Some time ago several lawsuits were brought against the State Banking Board in connection with certain applications for charter of a State bank under the provisions of Article 342-115, Vernon's Civil Statutes, which provides that the findings and determination of the State Banking Board shall be subject to review by a court of competent jurisdiction. After the disposition of these cases in the trial court there was an appeal to the Court of Civil Appeals at Austin, Texas, in one of the cases, and incidental to this appeal, the Court Reporter of the 98th District Court of Travis County, Texas, furnished copies of the Statement of Facts in certain of these cases to be used by the Office of the Attorney General of Texas in preparing the briefs for the State Banking Board and the members thereof as appellees.

The statements for the services rendered by the Court Reporter were presented to the Department of Banking for payment from its funds, but since no allocation of funds had been made for such purposes, the account is still unpaid. However, the

Hon. J. M. Falkner, page 2  (WW-500)


Finance Commission, acting under the provisions of Article 342-112, Vernon's Civil Statutes, has recently set aside funds for the purpose of paying these bills if it may legally do so.

It is the opinion of this office that the Finance Commission of Texas may, under the provisions of Article 342-112, Vernon's Civil Statutes, authorize the expenditure of money for costs and other expenses incurred by the State Banking Board in the trial of a case brought under the provisions of Article 342-115, Vernon's Civil Statutes. The State Banking Board, which is composed of the Attorney General, the State Treasurer and the Banking Commissioner, is a State agency and subject to be sued in a court of competent jurisdiction to set aside its findings and determinations, as was done in this case. (Article 342-115, Vernon's Civil Statutes). It is the duty of the Attorney General of Texas to defend any action brought against the State Banking Board and the members thereof by reason of any official act. (Article 342-207, Vernon's Civil Statutes). The suit in question was an action brought against the members of the State Banking Board by reason of an official act, and, therefore, it was the duty of the Attorney General of Texas to defend them in such Court.

While it is true that Article 342-112A, Vernon's Civil Statutes, provides that the Banking Department shall cause to be transferred each year of the biennium the sum of Four Thousand ($4,000.00) Dollars to the General Fund to cover the cost of governmental service rendered by other departments, such provision only covers the services rendered by the Attorney General of Texas in defending the action under the provisions of Article 342-207, but does not include and is not intended to include expenses incurred by the Attorney General in conducting the defense of the suit to its final determination. The cost of furnishing copies of the Statements of Fact by the Court Reporter to the Attorney General was a legitimate expense incurred by and on behalf of the State Banking Board in the defense of the action.

Article 342-112, Vernon's Civil Statutes, provides in part as follows:

". . . Fees, penalties and revenues collected by the Banking Department from every source whatsoever shall be retained and held by said Department, and no part of such fees, penalties and revenues shall ever be paid into the General Revenue Fund of this State. All expenses incurred by the Banking Department shall be paid only from such fees, penalties and revenues, and no such expense shall ever be a charge against the funds of this State. . . ."

Since the above quoted portion of Article 342-112 provides that all expenses incurred by the Banking Department shall be paid only from such fees, penalties and revenues, and the expenses incurred on behalf of the Banking Department for the services of the Court Reporter being legitimate expenses, you are advised that the Finance Commission of Texas may authorize the payment of these obligations.

## SUMMARY

Court costs and expenses incurred in defending an action against the State Banking Board under the provisions of Articles 342-115 and 342-207, Vernon's Civil Statutes, may be legally paid from sums appropriated by the Finance Commission of Texas under the provisions of Article 342-112, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

C. K. Richards
Assistant

CKR:jl:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
William E. Allen
Jack Goodman
Tom I. McFarling
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL

BY:   W. V. Geppert